THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00101-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) ) **Plaintiff,** ) ) vs. ) ) **KIJON CHSIRE DAMON BURGOS,** ) ) **Defendant.** ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act/Compassionate Release" [Doc. 48].

In October 2020, the Defendant Kijon Chsire Damon Burgos was charged in a one-count Bill of Indictment with possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. In December 2020, he pled guilty to this count without the benefit of a plea agreement. [Doc. 12]. The Court determined that the Defendant was an armed career criminal and sentenced him to 180 months' imprisonment pursuant to 18 U.S.C. § 924(e). [Doc. 33]. The Defendant appealed [Doc. 35], and the Fourth Circuit Court of Appeals affirmed his conviction and sentence [Doc. 45].

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a compassionate release, arguing that if he were sentenced today, his sentence would be significantly lower because the armed career criminal enhancement would no longer apply. [Doc. 48]. The Defendant, however, is foreclosed from challenging the validity of his conviction or sentence in a compassionate release motion.[1] <u>United States v. Ferguson</u>, 55 F.4th 262, 270 (4th Cir. 2022) ("Because [28 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."); <u>United States v. Rogers</u>, No. 4:14-0028-MGL, 2022 WL 686850, at *5 (D.S.C. Mar. 8, 2022) (holding that a compassionate release motion is not a proper vehicle for challenge to an armed career criminal designation).

---

[1] Even if the Defendant could raise such an argument via a compassionate release motion, his challenge to his armed career criminal designation is entirely without merit. The Defendant argues that he did not receive the benefit of Amendment 798 to the Guidelines. Amendment 798, however, was enacted in 2016; the Defendant was sentenced in 2021 under the 2018 version of the Sentencing Guidelines. As such, he received the benefit of all the amendments and supplements to the Guidelines that had been previously enacted.

2

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act/Compassionate Release" [Doc. 48] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 25, 2023

Martin Reidinger
Chief United States District Judge