THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00101-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **KIJON CHSIRE DAMON BURGOS,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduction in Sentence 18 U.S.C. § 3582(c)(1)(A) Pursuant to Changes under the Juvenile Offenders Act" [Doc. 52] and the Government's Motion to Seal [Doc. 55].

**I.      PROCEDURAL BACKGROUND**

In October 2020, the Defendant Kijon Chsire Damon Burgos was charged in a one-count Bill of Indictment with possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  [Doc. 1].  In December 2020, he pled guilty to this count without the benefit of a plea agreement.  [Doc. 12].  At a sentencing hearing in June 2021, the Court determined that the Defendant was an armed career criminal and sentenced him to 180 months' imprisonment pursuant to 18 U.S.C. §

924(e).  [Doc. 33].  The Defendant appealed [Doc. 35], and the Fourth Circuit Court of Appeals affirmed his conviction and sentence.  United States v. Burgos, No. 21-4293, 2022 WL 3136941 (4th Cir. Aug. 5, 2022).

In March 2023, the Defendant moved pursuant to 18 U.S.C. § 3582(c)(1)(A) for a compassionate release, arguing that if he were sentenced today, his sentence would be significantly lower because the Armed Career Criminal Act (ACCA) enhancement would no longer apply. [Doc. 48].  The Court denied the Defendant's motion on the grounds that a compassionate release motion is not a proper vehicle for a challenge to an ACCA designation.  [Doc. 49].  Thereafter, in June 2023, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging his ACCA designation and asserting claims of ineffective assistance of counsel.  [Doc. 50].  In August 2023, the Court denied the Defendant's § 2255 motion.  [Doc. 51].

The Defendant now returns to this Court, again seeking compassionate release on grounds that his sentence was improperly enhanced under the ACCA.  [Doc. 52]. The Government opposes the Defendant's motion [Doc. 54] and further moves for leave to file under seal the Defendant's records from the Bureau of Prisons [Doc. 55].

## II.   DISCUSSION

### A.   Motion for Compassionate Release

In seeking compassionate release, the Defendant again argues that this Court erred by sentencing him as an armed career criminal. As the Court previously noted, however, this argument at its essence challenges the validity of his conviction and sentence and is not cognizable in a compassionate release proceeding. United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022). A motion under 28 U.S.C. § 2255 remains "the exclusive method" for such challenges, and the Defendant's attempt to seek relief under § 2255 has already been denied. To the extent that the Defendant attempts to circumvent that ruling and directly attack his original conviction and sentence through a compassionate release motion, such arguments are rejected. Accordingly, the Defendant's present motion for compassionate release is denied.

### B.   Motion to Seal

In support of its Response, the Government has submitted administrative records from the Bureau of Prisons regarding the Defendant. [Doc. 54-1]. The Government moves to file such records under seal, arguing that these records contain personal identifying information or other "sensitive or private information" about the Defendant. [Doc. 55].

Before sealing a document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, a party is still required to file in the public record a redacted exhibit with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Government has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Government provides only grounds for why *portions* of its Exhibit may be sealed. However, even when grounds are sufficient to allow sealing portions of a pleading, a party is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See id. Further, the Government's motion fails to identify with sufficient specificity the applicable portions of its Exhibit sought to be sealed such as to allow for the Court to make findings specific enough to determine whether sealing of those portions is consistent with the First Amendment or common law right to public access. Moreover, certain portions of the Government's Exhibit

4

appear to contain material that is not appropriate for sealing, as well as material already publicly available.[1]

As such, the Government's motion fails to provide a sufficient basis to support a decision to seal its Exhibit, and for rejecting the alternatives to sealing. For these reasons, the Government's motion is denied. The Court, however, will allow the Government's Exhibit to remain temporarily under seal pending the Government filing a renewed Motion to Seal that identifies with specificity the portions of its Exhibit sought to be sealed and provides a sufficient basis for the sealing thereof.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduction in Sentence 18 U.S.C. § 3582(c)(1)(A) Pursuant to Changes under the Juvenile Offenders Act" [Doc. 52] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 55] is **DENIED WITHOUT PREJUDICE**. The Government may renew its motion within seven (7) days of the entry of this Order. If such motion is renewed, the Government shall identify with specificity the portions of its

---

[1] For instance, multiple documents within the Exhibit are noticeably labeled "Public Information." [See e.g. Doc. 54-1 at 6-8].

Exhibit to be sealed and provide sufficient basis for the sealing thereof, as well as a publicly accessible version of its Exhibit that redacts only those portions sought to be sealed. The Government's Exhibit [Doc. 54-1] shall remain temporarily under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: August 25, 2025

Martin Reidinger
Chief United States District Judge